UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIC ZAMORA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-0875 |
| | § | |
| APPRIOHEALTH, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ON MOTION TO DISMISS</u>

Before the Court is Defendant Darryl Britt's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 8). The Court orally denied the motion at a hearing on May 17, 2021. This order sets out the grounds for that denial.

### I.     BACKGROUND

Plaintiff Dominic Zamora's state court Petition alleges as follows. Britt is the founder of Apprio, Inc., a D.C.-based healthcare company that primarily deals in government contracts. Britt wanted to expand Apprio's business into a new sector, revenue cycle management (RCM), and therefore "recruited experienced RCM executives with promises of adequate access to capital and sufficient liquidity to provide a 5 to 6-year runway." (Doc. 1 at 11.) Zamora, who at the time was retired and living in Texas, was one such executive. Zamora spoke repeatedly by phone with Britt and met with him in Florida and Washington, D.C. At these two meetings, Britt allegedly misrepresented Apprio's financial health to Zamora. Zamora signed on, but the project soon fell apart. Zamora then sued Britt, Apprio, and ApprioHealth for negligent misrepresentation and fraudulent inducement.

Britt moved to dismiss for lack of personal jurisdiction. He contends that he did not engage

in conduct in Texas sufficient to support jurisdiction. In response, Zamora submitted a Declaration in which he attested that "Britt called and texted me, while I was in Texas," and, "throughout these communications," made the same misrepresentations alleged in the Petition. (Doc. 13-1 at 1.)

## II.    ANALYSIS

Britt argues that the above allegations—even if true—do not give rise to personal jurisdiction over him in this Court. Personal jurisdiction in Texas is decided by application of the federal rules. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

Zamora correctly argues that the issue here is controlled by the line of cases culminating in *Trois v. Apple Tree Auction Center, Inc.*, 882 F.3d 485 (5th Cir. 2018). In *Trois*, the Fifth Circuit expressly established a firm rule in favor of "specific personal jurisdiction over an intentional-tort claim where a nonresident defendant places a call to a forum and makes false statements over the phone to a forum resident." *Id.*

That rule decides this motion. Fraudulent inducement—one of Zamora's causes of action—is considered an intentional tort in Texas. *See, e.g.*, *Firemen's Ins. Co. v. Bd. of Regents of Univ. of Tex. Sys.*, 909 S.W.2d 540, 543 (Tex. Ct. App. 1995), *overruled in part on other grounds by Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *N.C. Sturgeon, L.P v. Sul Ross State Univ.*, No. 03-01-00716-CV, 2003 WL 124208, at *2 (Tex. Ct. App. Jan. 16, 2003). Zamora's Declaration alleges that Britt made misrepresentations on phone calls to Zamora while Zamora was in Texas. (Doc. 13-1 at 1.) This case thus involves "an intentional-tort claim where a nonresident defendant places a call to a forum and makes false statements over the phone to a forum resident." *Trois*, 882 F.3d at 491. So "the exercise of specific personal jurisdiction" here is "permitted." *Id.*

Britt's efforts to distinguish his case from the rule stated in *Trois* are unconvincing. He

makes two principal arguments.

He first argues that the "alleged acts [were] taken in [his] corporate capacity" and therefore "cannot be attributed to [him], individually," under the fiduciary shield doctrine. (*See* Doc. 8 at 9.) This misapprehends the law. The fiduciary shield doctrine "does not shield an officer or employee for their actions that are tortious or fraudulent." *Stull v. LaPlant*, 411 S.W.3d 129, 135 (Tex. Ct. App. 2013). Here, Zamora's causes of actions both sound in tort, so the doctrine is inapplicable.

Britt's second argument is that "Zamora has not made allegations that any statements made by Britt while Zamora was in Texas are the basis of his claims against Britt." (Doc. 8 at 9.) This miscasts the record. Although the Petition does not expressly allege any misrepresentations made to Zamora while he was in Texas, such allegations are contained in Zamora's Declaration. And, as Zamora points out, declarations like his "may be considered" in concert with a motion to dismiss for lack of personal jurisdiction. *Trois*, 882 F.3d at 488 (quoting *Simon v. United States*, 644 F.2d 490, 497 (5th Cir. 1981)). To be sure, Britt contends that Zamora's Petition and his Declaration are somehow "at odds." (Doc. 17 at 3.) But the Court does not discern any inherent tension between an allegation that misrepresentations were made in Florida and an allegation that similar misrepresentations were also made in Texas. Rather, the Petition and Zamora's Declaration, read together, reasonably allege that Britt made misrepresentations to Zamora while the latter was in Texas and thus establish jurisdiction under *Trois*.

Therefore, the Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 18th of May, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE