UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIC ZAMORA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-CV-00875 |
| | § | |
| APPRIOHEALTH, LLC AND | § | |
| APPRIO, INC., AND DARRYL BRITT | § | |
| | § | |
| *Defendants* | § | JUDGE KEITH P. ELLISON |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEREK SHAW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:21-cv-00876 |
| | § | |
| APPRIOHEALTH, LLC AND APPRIO, | § | |
| INC. | § | |
| | § | |
| *Defendants.* | § | JUDGE KEITH P. ELLISON |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT TREY DART, JUDE CROWELL, | § | |
| AND TIFFANY ECHEVARRIA | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-CV-00877 |
| | § | |
| APPRIOHEALTH, LLC AND | § | |
| APPRIO, INC., | § | |
| | § | |
| *Defendants.* | § | JUDGE KEITH P. ELLISON |

**APPRIOHEALTH, LLC AND APPRIO, INC., AND DARRYL BRITT'S
MOTION FOR JUDGMENT ON THE PLEADINGS
AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

**INTRODUCTION**................................................................................................................... 1

**NATURE AND STAGE OF PROCEEDING**........................................................................ 2

**ARGUMENT**............................................................................................................................ 2

**I.**     **Legal standard.**............................................................................................................ 2

      A.     Negligent Misrepresentation................................................................................. 3

      B.     Fraudulent Inducement. ........................................................................................ 5

**II.**    **Zamora's claims should be dismissed because the alleged statements are not statements of then existing fact.** ........................................................................ 7

      A.     Britt's alleged statements constitute expressions of opinion. ............................... 7

      B.     Britt's alleged statements were promises of future conduct. ................................ 7

**CONCLUSION** ........................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allied Vista, Inc. v. Holt*,
  987 S.W.2d 138 (Tex. App.–Houston [14th Dist.] 1999, pet. denied) .................................4, 7

*Archibald v. Va. Transformer Corp.*,
  No. 3:17–CV–00286, 2019 WL 1212826 (S.D. Tex. Feb. 26, 2019).......................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................2

*Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*,
  215 F. Supp. 3d 524 (S.D. Tex. 2017) ......................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................................2

*Bennett v. Cochran*,
  No. 14–00–01160–CV, 2004 WL 852298 (Tex. App.–Houston [14th Dist.]
  Apr. 22, 2004, no pet.) (mem. op.) ...................................................................................3, 6, 7

*Doe v. MySpace, Inc.*,
  528 F.3d 413 (5th Cir. 2008) ....................................................................................................2

*In re Enron Corp. Sec., Derivative &"ERISA" Litig.*,
  490 F. Supp. 2d 784 (S.D. Tex. 2007) ......................................................................................3

*Fagan Holdings, Inc. v. Thinkware Inc.*,
  750 F. Supp. 2d 820 (S.D. Tex. 2010) ......................................................................................3

*Fisk Elec. Co. v. DOSI, L.L.C.*,
  894 F.3d 645 (5th Cir. 2018) ....................................................................................................5

*G & C Land v. Farmland Mgmt. Serv.*,
  587 Fed. App'x. 99 (5th Cir. 2014) ..................................................................................4, 6, 7

*Garza v. Escobar*,
  972 F.3d 721 (5th Cir. 2020) ....................................................................................................2

*Hale v. Metrex Research Corp.*,
  963 F.3d 424 (5th Cir. 2020) ....................................................................................................2

*Hoffman v. L&M Arts*,
  838 F.3d 568 (5th Cir. 2016) ....................................................................................................5

*Matter of Life Partners Holdings, Inc. v. Cowley*,
    926 F.3d 103 (5th Cir. 2019) ...................................................................................................3

*Miksch v. Exxon Corp.*,
    979 S.W.2d 700 (Tex. App.–Houston [14th Dist.] 1998, pet. denied) ................................4, 7

*Ouabderhm v. Money Source, Inc.*,
    No. H–19–1429, 2020 WL 4287594 (S.D. Tex. July 27, 2020).................................................4

*Presidio Enter., Inc. v. Warner Bros. Distrib. Corp.*,
    784 F.2d 674 (5th Cir. 1986) .........................................................................................3, 5, 6, 7

*Prudential Ins. Co. of Am. v. Jefferson Assoc., Ltd.*,
    896 S.W.2d 156 (Tex. 1995).............................................................................................3, 6, 7

*Renasant Bank v. Murphy*,
    No. G–08–0045, 2009 WL 10695596 (S.D. Tex. June 28, 2009) ............................................3

*Sergeant Oil & Gas Co., Inc. v. Nat'l Maint. & Repair, Inc.*,
    861 F. Supp. 1351 (S.D. Tex. 1994) .........................................................................................3

*Swank v. Sverdlin*,
    121 S.W.3d 785 (Tex. App.–Houston [1st Dist.] 2003, pet. denied)....................................4, 7

*Test Masters Educ. Serv., Inc. v. Scottsdale Ins. Co.*,
    No. H–06–0469, 2006 WL 2331050 (S.D. Tex. Aug. 8, 2006).................................................3

*Zorrilla v. Aypco Constr. II, LLC*,
    469 S.W.3d 143 (Tex. 2015).....................................................................................................5

**Other Authorities**

Rule 12(b)(6)....................................................................................................................................2

Rule 12(c).........................................................................................................................................2

## INTRODUCTION

Plaintiffs have valid and enforceable restrictive covenants with Apprio, Inc. ("Apprio") and ApprioHealth, LLC ("ApprioHealth") (collectively "Apprio Parties"). Despite such, Plaintiffs created their own competing business ("Invicta") by misappropriating ApprioHealth's pipeline of customers and by improperly soliciting Defendants' employees. Plaintiffs have filed requests with the Court seeking declarations regarding the validity and enforceability of those restrictive covenants.

In addition, Dominic Zamora ("Zamora") has pled claims for both negligent misrepresentation and fraudulent inducement in his Petition[1] (Dkt. 1 at Exhibit B-1, p. 21-24). According to Zamora, he was coaxed out of retirement to join Apprio/ApprioHealth and that the Apprio Parties and Darryl Britt (collectively, "Defendants") purportedly stated during that recruitment process that (1) "capital was not an issue;" (2) they were "well-funded;" (3) they had a "strong" relationship with JPMorgan Chase Bank, N.A. ("JP Morgan"); and (4) they would commit $10 million in funding and provide a 5- to 6-year runway. *Id.* at p. 16, ¶ 25. Separate and apart from the veracity and relevancy of these statements, which Defendants strongly dispute, these statements are precisely the type of subjective language that courts consider an expression of *opinion* and thus not an actionable misrepresentation. *See, e.g.*, *Presidio Enter., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 678–79 (5th Cir. 1986). Courts routinely dismiss negligent misrepresentation and fraudulent inducement claims when a plaintiff has failed to allege a misrepresentation of existing fact--which is exactly what should happen in this matter because Zamora's claims were, at best, mere expressions of opinion or potential promises of future conduct.

---

[1] Defendants removed Zamora's lawsuit to this Court on March 16, 2021. *See* Dkt. No. 1. Accordingly, although Zamora's operative pleading (which was originally filed in Harris County District Court) is styled as "Plaintiff's Original Petition," it is referred to herein as Zamora's "Original Complaint."

1

*See, e.g., Ouabderhm v. Money Source, Inc.*, No. H–19–1429, 2020 WL 4287594, at *3 (S.D. Tex. July 27, 2020).

## NATURE AND STAGE OF PROCEEDING

This case is a restrictive covenant case, where the former employees, Plaintiffs, filed for declaratory judgment attempting to avoid their valid and enforceable agreements with their former employer, the Apprio Parties. Plaintiffs formed a new company that directly competes with the Apprio Parties in contravention of their agreements. One plaintiff, Zamora, has also made claims for negligent misrepresentation and fraudulent inducement. The Parties are currently engaged in discovery.

As required by Federal Rule of Civil Procedure 12(c), pleadings are currently closed. *See Williams v. Waste Mgmt., Inc.*, No. 3:16-CV-2943-L-BN, 2018 WL 3803917, at *3 (N.D. Tex. June 29, 2018) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer . . . unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.").

## ARGUMENT

### I.    Legal standard.

A motion for judgment on the pleadings is designed to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (internal citations omitted). The standard for motions for judgment on the pleadings under Rule 12(c) is identical to the standard for motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Hale v. Metrex Research Corp.*, 963 F.3d 424, 427 (5th Cir. 2020).

Under the Rule 12(b)(6) standard, a claim must be dismissed if it fails to allege a cognizable legal theory, *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008), or is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim "based on an indisputably meritless legal theory" or violation of a non-existing legal interest must be dismissed. *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 540-41 (S.D. Tex. 2017). The federal pleading standard applies for motions to dismiss on the pleading for complaints on removal. *Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 873 (5th Cir. 2021).

A. **Negligent Misrepresentation.**

To establish negligent misrepresentation, the plaintiff must show: (1) a representation was made in the course of business; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Matter of Life Partners Holdings, Inc. v. Cowley*, 926 F.3d 103, 123 (5th Cir. 2019).

Courts have repeatedly held that, for the representation to be actionable, it must be one of material fact and not an expression of opinion. *See Presidio*, 784 F.2d at 678–79 (stating that "expressions of opinion are not actionable"); *see also Sergeant Oil & Gas Co., Inc. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1358 (S.D. Tex. 1994); *In re Enron Corp. Sec., Derivative &"ERISA" Litig.*, 490 F. Supp. 2d 784, 812 (S.D. Tex. 2007); *Fagan Holdings, Inc. v. Thinkware Inc.*, 750 F. Supp. 2d 820, 832–33 (S.D. Tex. 2010); *Renasant Bank v. Murphy*, No. G–08–0045, 2009 WL 10695596, at *3 (S.D. Tex. June 28, 2009); *Test Masters Educ. Serv., Inc. v. Scottsdale Ins. Co.*, No. H–06–0469, 2006 WL 2331050, at *3 (S.D. Tex. Aug. 8, 2006). When determining

3

whether a statement is one of fact or opinion, courts look at the statement's specificity, the speaker's and hearer's knowledge, and whether the statement relates to the present or the future. *In re Enron Corp.*, 490 F. Supp. 2d at 813 (citing *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995), citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983)).

Courts in the Fifth Circuit have consistently found that there was no evidence of a misstatement of existing fact when subjective terminology was used. *See Presidio*, 784 F.2d at 679 (holding that statements saying that the film would be "the greatest adventure-survival movie of all time," "your blockbuster or the summer of '78," and that "this will be the most 'want-to-see' movie of the year" were not actionable as statements of fact because they turned on "vague, essentially indefinable terms"); *Bennett v. Cochran*, No. 14–00–01160–CV, 2004 WL 852298, at *6 (Tex. App.–Houston [14th Dist.] Apr. 22, 2004, no pet.) (mem. op.) (holding that statements regarding having a docket that consisted of "good cases" on which "there was lot of money to be made" were nonactionable puffing); *Prudential Ins. Co. of Am. v. Jefferson Assoc., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995) (holding that statements that the building was "superb," "super fine," and "one of the finest little properties in the City of Austin" were not actionable misrepresentations but merely "puffing"); *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.–Houston [14th Dist.] 1999, pet. denied) (stating that misstatement of existing fact is required for negligent-misrepresentation liability).

Additionally, a false representation that is the subject of a negligent misrepresentation claim is a misstatement of existing fact, not a promise of future conduct. *See Archibald v. Va. Transformer Corp.*, No. 3:17–CV–00286, 2019 WL 1212826, at *6 (S.D. Tex. Feb. 26, 2019) (holding that defendants stating that plaintiff's position was a "permanent, full-time position" and that plaintiff would be okay to put in for leave, then later firing plaintiff, was not negligent

4

misrepresentation because statements were promises of future conduct) (citing *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 439 (Tex. App.–Houston [14th Dist.] 2004, no pet.)); *G & C Land v. Farmland Mgmt. Serv.*, 587 Fed. App'x. 99, 105 (5th Cir. 2014) (reasoning that statements were promises of future conduct, not existing fact, when defendant stated that electrical services would be provided by the second year of the lease's term); *Ouabderhm v. Money Source, Inc.*, No. H–19–1429, 2020 WL 4287594, at *3 (S.D. Tex. July 27, 2020); *see also Swank v. Sverdlin*, 121 S.W.3d 785, 802–03 (Tex. App.–Houston [1st Dist.] 2003, pet. denied) (holding oral promises not to fire plaintiff, not to take control of a corporate entity, and not to exercise stock options were promises of future conduct, not existing fact); *Allied Vista*, 987 S.W.2d at 141 (determining that representations that defendant would provide all equipment necessary to start a Louisiana plant and would pay plaintiff $55,000 annually were promises of future conduct and not misrepresentations of existing fact); *Miksch v. Exxon Corp.*, 979 S.W.2d 700, 706 (Tex. App.–Houston [14th Dist.] 1998, pet. denied) (holding that alleged oral promise not to terminate plaintiff was not misrepresentation of existing fact but was promise to refrain from taking action in future).

As explained further below, Zamora's negligent misrepresentation claim fails due to fact that the alleged statements fail to constitute a misrepresentation of existing fact.

  **B.**  **Fraudulent Inducement.**

To establish fraudulent inducement, the plaintiff must show the following elements: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the defendant made the representation with the intent that the plaintiff should act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered an injury. *See Fisk Elec. Co. v. DOSI, L.L.C.*,

894 F.3d 645, 651 (5th Cir. 2018); *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

Similar to negligent misrepresentation, the material representation must be a statement concerning a material fact not an expression of opinion or promise of future conduct. *Presidio*, 784 F.2d at 679; *Hoffman v. L&M Arts*, 838 F.3d 568, 579 (5th Cir. 2016). Further, statements regarding future events and promises to perform are typically non-actionable as fraud because the future is generally unascertainable. *Presidio*, 784 F.2d at 679–80.

Courts uniformly hold that statements of opinion are not actionable as fraud. *See Presidio*, 784 F.2d at 679 (holding that statements saying that the film would be "the greatest adventure-survival movie of all time," "your blockbuster or the summer of '78," and that "this will be the most 'want-to-see' movie of the year" were not actionable as statements of fact because they turned on "vague, essentially indefinable terms" and were not subject to the special knowledge exception since the opinion did not come from a specialized expert, such as a jewelers, lawyers, physicians, scientists, and dealers in antiques); *Bennett*, 2004 WL 852298, at *6 (holding that statements regarding having a docket that consisted of "good cases" on which "there was lot of money to be made" were nonactionable puffing for a fraud claim); *Prudential*, 896 S.W.2d at 163 ("As noted above, Buchanan told Kirk that the building was "superb", "super fine", and "one of the finest little properties in the City of Austin". These statements were not misrepresentations of material fact but merely "puffing" or opinion, and thus could not constitute fraud.").

Moreover, courts have held that the false representation contemplated in a fraudulent inducement claim must be a misstatement of existing fact, not a promise of future conduct. *See, e.g., G & C Land*, 587 Fed. App'x. at 105 (holding that statements were promises of future conduct when defendant stated that electrical services would be provided by the second year of the lease's

6

term). Therefore, because the statements Zamora alleges that support his fraudulent inducement cause of action are expressions of opinion or promises of future conduct, his fraudulent inducement claim should be dismissed.

**II.      Zamora's claims should be dismissed because the alleged statements are not statements of then existing fact.**

**A.      Britt's alleged statements constitute expressions of opinion.**

Zamora's negligent misrepresentation and fraudulent inducement claims allege that Britt, Apprio, Inc., and/or ApprioHealth made representations to Zamora that "capital was not an issue," that they were "well-funded," and that they had a "strong" relationship with JP Morgan. (Dkt. 1 at p. 16, ¶ 25.) Without waiver of Defendants' denial that these statements were ever made, such statements, at most, are precisely the type of subjective language that courts consider an expression of opinion and puffery, but not an actionable misrepresentation.

Similar to the relevant statements in *Presidio*, the alleged statements are "vague" and "essentially, indefinable terms" that are not actionable. *See Presidio*, 784 F.2d at 679. Here, the purported statements are nearly identical to those seen in cases where the courts found they were expressions of opinions. *See Bennett*, 2004 WL 852298, at *6; *Prudential*, 896 S.W.2d at 163; *Allied Vista*, 987 S.W.2d at 141. Phrases such as "strong," "well-funded," and "not an issue" are without a clear, objective meaning to accurately determine the statements' veracity. Therefore, such statements, to the extent even made, are not and cannot be actionable misrepresentations of fact, and the Court should render judgment on Zamora's claims in favor of Defendants.

**B.      Britt's alleged statements were promises of future conduct.**

Zamora's claims also allege that Britt, Apprio, Inc., and/or ApprioHealth would commit $10 million in funding and provide a 5- to 6-year runway. (Dkt. 1 at p. 16, ¶ 25.) However, these statements consist of promises of future conduct, and not misrepresentations of an existing fact.

7

*See G & C Land*, 587 Fed. App'x. at 105; *Swank*, 121 S.W.3d at 802–03; *Miksch*, 979 S.W.2d at 706; *see also Presidio*, 784 F.2d at 680 (stating that a statement about the future can only be verified in the future, thus, it cannot be verified as true or disconfirmed as false). Therefore, these statements likewise do not support a negligent misrepresentation or fraudulent inducement claim because their veracity could not be determined at the time the statements were made. *Id.* Thus, the Court should grant judgment on Zamora's claims in favor of Defendants.

## CONCLUSION

For the reasons explained above, the Court should dismiss and render judgment in Defendants' favor regarding Zamora's negligent misrepresentation claim found at paragraphs 43-49 of the Complaint and fraudulent inducement claim found at paragraphs 50-57 of the Complaint.

Dated: August 25, 2021

Respectfully submitted,

　/s/ *Theresa Wanat*
Theresa Wanat
**HOLLAND & KNIGHT, LLP**
Theresa Wanat
State Bar No. 24071469
*theresa.wanat@hklaw.com*
1100 Louisiana Street
Suite 4300
Houston, Texas 77002
(713) 821-7000
(713) 821-7001 Fax

Sara Schretenthaler Staha
State Bar No. 24088368
200 Crescent Court
Suite 1600
Dallas, Texas 75201
(214) 964-9500

*Attorneys for Defendants*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Sara Staha*
Sara Staha
