United States District Court
Southern District of Texas
**ENTERED**
December 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIC ZAMORA, *et al.*, | § § § | |
| *Plaintiffs,* | § § § | Lead Case No. 4:21-cv-875 |
| v. | § § | |
| APPRIOHEALTH, L.L.C. AND APPRIO, INC. AND DARRYL BRITT, | § § § § § | |
| *Defendants*. | § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants ApprioHealth, L.L.C., Apprio, Inc., and Darryl Britt (collectively, "Defendants") move to remand[1] one of four consolidated cases, *Robert Trey Dart, et al. v. ApprioHealth, L.L.C., et al.*, Case No. 4:21-cv-877 (the "*Dart* Suit"), based on a lack of complete diversity between the parties. Def.'s Mot., ECF Nos. 101, 101-3, 111, 112, 113, 113-1. Plaintiffs do not oppose the motion. ECF No. 101-3 at 4; *see* Pl.'s Ltr., ECF No. 89. Based on the briefing and the record, the Court determines that Defendants' motion should be granted.

---

[1] The district judge to whom this case is assigned referred this consolidated matter for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 69. The motion under consideration is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

1

## I. BACKGROUND

This is a suit regarding the enforceability of restrictive covenants. Plaintiffs Robert Trey Dart, Jude Crowell, and Tiffany Echevarria (collectively "Plaintiffs") filed a state court action, seeking a declaratory judgment that restrictive covenants in employment agreements they signed with ApprioHealth, L.L.C. and Apprio, Inc. are not enforceable, or, in the alternative, that Plaintiffs have not engaged in any conduct in violation of these restrictive covenants. *See* Not. Removal, Ex. B-1, Pl.'s Orig. Petit., ECF No. 1 at 11–17, Case No. 4:21-cv-877. Defendants removed the case on the basis of diversity jurisdiction, Not. Removal, ECF No. 1 at 1, Case No. 4:21-cv-877, and it was eventually consolidated with other cases asserting similar claims. Order, ECF No. 9, Case No. 4:21-cv-877.

On November 8, 2021, Plaintiffs notified the Court of a potential jurisdictional defect in the *Dart* Suit because Plaintiff Tiffany Echevarria and Defendant ApprioHealth, L.L.C. ("ApprioHealth") are both citizens of Florida, destroying complete diversity. ECF No. 89 at 2. Defendants now move to remand the *Dart* Suit based on the lack of complete diversity. ECF Nos. 101, 101-3, 111, 112, 113, 113-1.

## II. LEGAL STANDARD FOR REMAND

The federal removal statute authorizes the removal of a civil action from state to federal court if the action could have been brought originally in federal district

2

court. 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005). "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co.*, 546 U.S. at 89 (quoting 28 U.S.C. § 1332(a)(1)). The statutory phrase "between . . . citizens of different States" "require[s] complete diversity between all plaintiffs and all defendants." *Id.* That means "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). Because federal district courts have limited jurisdiction and may hear only those cases authorized under a federal statute, the Constitution, or U.S. treaty, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), if a case is improperly removed when complete diversity is lacking, it must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

---

[2] In a consolidated case, a lack of jurisdiction as to one case does not impute a lack of jurisdiction over the other cases. *See McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other."); *Terrell v. Ace European Grp. Ltd.*, No. 1:10-CV-564, 2011 WL 13195833, at *6 (E.D. Tex. June 24, 2011) ("Because consolidation does not alter the rights of the parties or make a party in one suit parties

3

### III. ANALYSIS

Defendants removed this case based on diversity jurisdiction. *See* ECF No. 1 at 1, Case No. 4:21-cv-877. "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citations omitted). In determining diversity jurisdiction, the state where someone establishes his or her domicile serves a dual function as his or her state of citizenship. *Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Domicile requires the demonstration of two factors: residence and the intention to remain. *Id.* at 798.

The pleadings and evidence establish that complete diversity does not exist in the *Dart* Suit. According to Plaintiffs' Original Petition and Defendants' Notice of Removal, Plaintiff Tiffany Echevarria resides in Deland, Florida. *See* Not. Removal, Ex. B-1, Pl.'s Orig. Petit., ECF No. 1 at 12, Case No. 4:21-cv-877; Not. Removal, ECF No. 1 at 2, Case No. 4:21-cv-877. Plaintiff Echevarria is therefore domiciled in Florida and a citizen of Florida for diversity purposes.

---

to both suits automatically solely by virtue of the consolidation, the pending motion to remand does not automatically apply to both cases."); *In re 1994 Exxon Chem. Plant Fire*, No. 94-MS-3-C-M1, 2001 WL 36180225, at *2 (M.D. La. Apr. 19, 2001) ("The court must separately determine the jurisdictional premise upon which each case stands, and the propriety of removal or remand resulting therefrom." (citing *In Re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997)).

Determination of ApprioHealth's citizenship is more complicated. The citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (internal quotation omitted); *see also MidCap Media Fin., L.L.C.*, 929 F.3d at 314 ("[T]o establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC.") (internal quotation omitted).

In Defendants' Notice of Removal, Defendants state that ApprioHealth is a Delaware limited liability company comprised of individual members who are individuals residing in Florida and Maryland. *See* Not. Removal, ECF No. 1 at 2–3, Case No. 4:21-cv-877. In their motion to remand, Defendants add that ApprioHealth is owned by ApprioHealth Holdings, L.L.C. ("ApprioHealth Holdings"), and that ApprioHealth Holdings is owned by Art Seypura and Apprio Holdings, L.L.C. ("Apprio Holdings"). ECF No. 101 at 2. Defendants provide that Mr. Seypura is domiciled in Florida, Apprio Holdings is owned by Darryl Britt and his family, and that Mr. Britt is now domiciled in Florida. *Id.* In a supplemental affidavit, Mr. Britt testified that the sole member of ApprioHealth is ApprioHealth Holdings, whose

5

members are Mr. Seypura[3] and Apprio Holdings. ECF No. 112 at 4. Mr. Britt further testified that he and his family trust[4] are the members of Apprio Holdings. *Id.* The trust beneficiaries are Mr. Britt, his wife, and his children. *Id.* Mr. Britt testified that he resides and is domiciled in Florida, while his family resides and is domiciled in Maryland. *Id.* Therefore, Defendant ApprioHealth is at a minimum a citizen of Florida for diversity purposes.

Because Plaintiff Tiffany Echevarria and Defendant ApprioHealth are both citizens of Florida for diversity purposes, complete diversity is lacking. Thus, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 over the *Dart* Suit. Since no other basis for subject matter jurisdiction exists, the case must be remanded to state court.

## CONCLUSION

Therefore, the Court **RECOMMENDS** that Defendants' unopposed motion for remand, ECF No. 101, be **GRANTED** and that *Robert Trey Dart, et al. v. ApprioHealth, L.L.C., et al.*, Case No. 4:21-cv-877 be **REMANDED**.

---

[3] Mr. Seypura testified in a separate affidavit that he has resided and been domiciled in Florida since 1977. ECF No. 111-2 at 4.

[4] Citizenship of the family trust was a late raised issue that the parties have not briefed. The parties, however, agreed that it is irrelevant to the *Dart* Suit and will notify the Court if they determine it is an issue in any of the other consolidated cases. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (noting that if a trust itself is suing or being sued, then the citizenship of a trust depends on whether it is a traditional trust or a business trust).

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

SIGNED on December 9, 2021, at Houston, Texas.

*/s/ Dena Palermo*
_____
Dena Hanovice Palermo
United States Magistrate Judge